**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**EQEEL BHATTI,**

                 **Plaintiff,**

                 **v.**

**FEDERAL NATIONAL
MORTGAGE
ASSOCIATION et al.,**

                 **Defendants.**
_____

**1:16-cv-257
(GLS/CFH)**

**APPEARANCES:**

**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Eqeel Bhatti
Pro Se
731 Western Avenue
Albany, NY 12203

**FOR THE DEFENDANTS:**
*Federal National Mortgage Association,
Green Tree Servicing, LLC, and
Mortgage Electronic Registration
Systems, Inc.*
Parker Ibrahim & Berg LLC
270 Davidson Avenue - 6th Floor
Somerset, NJ 08873

BRIAN W. KEATTS, ESQ.
MELINDA COLON COX,
ESQ.

**Gary L. Sharpe
Senior District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Eqeel Bhatti commenced this diversity action against defendants Federal National Mortgage Association (Fannie Mae), Green Tree Servicing, LLC (Green), and Mortgage Electronic Registration Systems, Inc. (MERS) alleging breach of contract and seeking declaratory relief.  (*See generally* Compl., Dkt. No. 1.)

Pending are defendants' motion to dismiss for lack of subject matter jurisdiction, (Dkt. No. 19), and Bhatti's motion for leave to file an amended complaint, (Dkt. No. 24).  For the following reasons, defendants' motion is granted and Bhatti's motion is denied.

## II. Background[1]

In 2005, Bhatti executed a note promising to repay $169,200 to non-party Countrywide Home Loans, Inc. and secured the loan's repayment by transferring a security interest in the parcel of real property located at 731 Western Avenue in Albany, New York to Countrywide via a mortgage.  (Compl. ¶¶ 1-2, 22-24.)  Bhatti's later search regarding the property

---

[1] Unless otherwise noted, the facts are drawn from Bhatti's complaint and presented in the light most favorable to him.

revealed that defendant Fannie Mae owns his mortgage,[2] even though defendant Green, the current loan servicer, claims "that it is the holder in due course."[3]  (*Id*. ¶¶ 26, 30.)  Fannie Mae never recorded its acquisition of the mortgage,[4] and Bhatti "was never notified, and is yet to see any tangible [a]ssignment of the [m]ortgage to [d]efendant [Fannie Mae]."  (*Id*. ¶¶ 27, 39, 42, 44) (emphasis omitted).  Bhatti contends this constituted a breach of contract and voided the note and mortgage, which entitles him to the original property price, with interest, and other special damages to be determined at trial.  (*Id*. ¶¶ 45,91; *id*. at 13.)

Secondly, Bhatti takes issue with the process by which Fannie Mae came to "own" the mortgage.  In sum, he argues that Countrywide invalidly assigned his loan to Fannie Mae via Countrywide's nominee, defendant MERS, and then Green created phony records in an attempt to validate

---

[2] Although it is unclear given Bhatti's vague and inconsistent pleadings, it appears that, at some point, Countrywide transferred Bhatti's loan, within a larger pool of loans, to Fannie Mae via a securitization process.  (Compl. ¶¶ 54-56; Dkt. No. 24 at 5.)

[3] At the same time, Bhatti asserts that "the [n]ote and [m]ortgage are currently owned by at least two separate entities; G[reen] as [l]oan [s]ervicer . . ., MERS as nominee, mortagee or agent, and F[annie][]M[ae] as investor and owner."  (Compl. ¶ 55.)  It appears that Bhatti fails to understand the difference between the owner of his loan and the loan servicer, despite the fact that the distinction is explained in his mortgage.  (Dkt. No. 19, Attach. 13 at 12.)

[4] In seemingly-contradictory fashion, Bhatti also asserts that evidence of Fannie Mae's ownership of the loan is easily accessible, (Compl. ¶ 21), via a "search on [the] property," (*id*. ¶ 26).

3

this assignment. (*Id*. ¶¶ 26-27, 32, 53.) As such, Bhatti contends that this "render[s] any assignments by [d]efendant MERS a nullity . . . and utter fraud." (*Id*. ¶ 21.) Moreover, Bhatti asserts that the note was never properly transferred or endorsed to any of the named defendants, (*id.* ¶ 32), and thus "none of the named [d]efendants own this loan," (*id*. ¶ 28), which "mak[es] full title insurance impossible and a difficult sale of the home," (*id*. ¶ 36). Nonetheless, Green initiated foreclosure proceedings against Bhatti related to the subject mortgage. (*Id.* ¶ 21.) As such, Bhatti also seeks a "judicial determination and declaration of the rights, obligations[,] and interest of the parties with regard to the [s]ubject [p]roperty." (*Id*. ¶ 99.)

### III. Standard of Review

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although Rule 8(a) of the Federal Rules of Civil Procedure "does not

require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (internal quotation marks and citation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (internal quotation marks and citation omitted). However, this tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

   Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Additionally, a *pro se* complaint should not be dismissed "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citation omitted), unless the problem with the *pro se* complaint is substantive, such that the plaintiff's request is futile because "better pleading will not cure it," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.

2000).

In determining a Rule 12(b)(6) motion to dismiss, the court may consider the complaint, any exhibit attached to the complaint, materials incorporated by reference, and documents that are integral to the complaint.  *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004).  A document is integral to the complaint if the complaint "relies heavily upon its terms and effect."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks and citation omitted).

## IV.  Discussion

Defendants assert that Bhatti's complaint should be dismissed because it fails to present a justiciable case or controversy so as to properly invoke the court's subject matter jurisdiction,  (Dkt. No. 19, Attach. 1 at 6), and fails to state a claim, (*id*. at 9).  Bhatti admits to the complaint's deficiencies in his response, but contends that, if he is granted leave to amend, his next complaint will "go far beyond a speculative level in raising a right to relief," and "shall clearly state several plausible causes of action." (Dkt. No. 24 at 2.)[5]  Nonetheless, defendants insist that any amendment

---

[5] The court construes Bhatti's *pro se* response as a motion for leave to file an amended complaint.  (Dkt. No. 24.)

would be futile "as . . . [Bhatti] has not been damaged in any way by [d]efendants' conduct," (Dkt. No. 27, Attach. 1 at 4, 6-7), and "failed to address the necessary elements for a breach of contract claim," (*id*. at 9). Notably, defendants draw the court's attention to a Second Circuit decision, *Rajamin v. Deutsche Bank Nat'l. Trust Co.*, 757 F.3d 79 (2d. Cir. 2014), that considered similar issues. (Dkt. No. 19, Attach. 1 at 8; Dkt. No. 27, Attach. 1 at 8.)

### A.     Subject Matter Jurisdiction

The "irreducible constitutional minimum of standing" under Article III of the Constitution requires that "the plaintiff must have suffered an injury in fact . . . which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citation omitted). Similar to the pleadings before the Second Circuit in *Rajamin*, Bhatti's complaint fails to meet this requirement. *See generally Rajamin*, 757 F.3d 79.

Bhatti acknowledges that he took out a home loan in 2005 and was obligated to repay it with interest. (Compl. ¶ 22.) Bhatti does not suggest that he paid defendants more than the amount due, or that he received a

request from any other entity besides the loan servicer. Thus, Bhatti fails to allege that he paid more than he owed or has been asked to do so, which makes any suggestion that he was in any danger of having to make duplicative loan payments entirely hypothetical. *See Rajamin*, 757 F.3d at 85. Similarly, Bhatti's claim that obtaining title insurance or selling the home is more difficult, (Compl. ¶ 36), is simply speculation. Additionally, the allegation that Green initiated foreclosure proceedings against Bhatti, (*id.* ¶ 21), does not demonstrate an actual or imminent injury because Bhatti fails to allege any threat or institution of foreclosure proceedings against him by any entity other than Green. See *Rajamin*, 757 F.3d at 85.

## B. Failure to State a Claim

Even assuming that Bhatti had standing to bring this suit, he fails to state a claim for breach of contract. Bhatti identifies the contract breached as the 2005 mortgage between him and Countrywide. (Compl. ¶¶ 22, 84, 87; Dkt. No. 19, Attach. 13.) Because Bhatti references the mortgage in his complaint and it is integral to the complaint, the court may, and does, consider it even though it was provided by defendants. *See Sira*, 380 F.3d at 67; *Chambers*, 282 F.3d at 153.

The mortgage is governed by New York law. (Compl. ¶¶ 46, 85; Dkt.

No. 19, Attach. 13 at 12.)  To sustain a breach of contract claim under New York law, the plaintiff must prove (1) the existence of a contract; (2) adequate performance of the contract by the plaintiff; (3) breach of the contract by the defendant; and (4) damages.  *See 24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 429 F.3d 39, 42 (2d Cir. 2005).  Where a contract's language is unambiguous, interpretation is determined by the court as a matter of law.  *See Hartford Accident & Indem. Co. v. Wesolowski*, 33 N.Y.2d 169, 171-72 (1973).

    Bhatti claims that "[d]efendants . . . breached their agreement with [him] . . . by failing to notify [him] of the change in ownership of the [n]ote and [m]ortgage, pursuant to the mandated language of the [m]ortgage." (Compl. ¶ 89.)  However, the terms of the mortgage are unambiguous and provide that the note and mortgage may be sold without providing notice to the borrower.  (Dkt. No. 19, Attach. 13 at 12.)  Bhatti omits language in his complaint, seemingly to make it appear that the contract required that he receive written notice of "any change," (Compl. ¶¶ 41, 43), even though the contract clearly states that "[a]pplicable [l]aw requires that [the borrower] be given written notice of any change *of the [l]oan [s]ervicer*," (Dkt. No. 19, Attach. 13 at 12) (emphasis added).

9

The contract that Bhatti alleges was breached does not confer a right to receive prior notice if the loan changes hands.  (*See generally* Dkt. No. 19, Attach. 13.)  Instead, the mortgage explicitly states that "[t]he [n]ote, or an interest in the [n]ote, together with this [mortgage], may be sold one or more times" and "[the borrower] might not receive any prior notice of these sales." (Dkt. No. 19, Attach. 13 at 12.)[6]

## V. Conclusion

Even assuming that Bhatti had specific instances of injury in mind, which were not translated into his complaint, he can prove no set of facts supporting his claim which would entitle him to relief because the contract plainly does not require defendants to provide him notice of any transfer of the note or mortgage.  *Compare Platsky v. C.I.A.*, 953 F.2d 26, 28 (2d Cir. 1991), *with Haines v. Kerner*, 404 U.S. 519, 521 (1972).  Because the problem with Bhatti's complaint is substantive, it cannot be cured by better pleading.  *See Cuoco*, 222 F.3d at 112.  As such, Bhatti's futile motion to amend is denied, defendants' motion is granted, and the complaint is

---

[6] Additionally, none of the named defendants were parties to the contract that Bhatti claims was breached.  (*Compare* Compl. ¶ 89 *with* Dkt. No. 19, Attach. 13.)  MERS is the only party specifically mentioned in the mortgage wherein it states that it serves as the nominee for Countrywide and as the "mortgagee of record" for recording purposes.  (Dkt. No. 19, Attach. 13 at 3.)  Yet the complaint affirmatively states that any assignments of the mortgage were a nullity, (Compl. ¶ 21), and "none of the [d]efendants have standing to enforce the [m]ortgage," (*id*. ¶ 75).  This would support an alternative basis for dismissal since these non-parties had no duty to perform under the contract.

dismissed.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiff's motion to amend (Dkt. No. 24) is **DENIED**; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 19) is **GRANTED**; and it is further

**ORDERED** that the complaint is dismissed; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 10, 2018
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

11